(No. 4413-)

SYLVIA PULLEY, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1951.*
*Supplemental opinion filed June 11, 1952.*

R. W. HARRIS, AND POWLESS AND WINTERS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Sylvia Pulley, widow of Guy Pulley, deceased, Marvin Pulley, a minor, Yvonne Pulley, a minor, Robert Pulley, a minor, Margaret Pulley, a minor, and Wesley Carrol Pulley, a minor, by Sylvia Pulley, their mother and next friend, filed their complaint on March 26, 1951 for compensation under the provisions of the Workmen's Compensation Act.

The record consists of the complaint, Departmental Report, original stipulation filed in lieu of evidence, containing various exhibits, and copy of the stipulation filed in lieu of evidence.

Mr. Pulley was first employed by the Division of Highways on March 14, 1949 as a common laborer at

a salary of ninety cents an hour. On July 1, 1949, his wage rate was increased to one dollar an hour; and, on May 1, 1950, Mr. Pulley was appointed to the job of highway section man with a salary of $224.00 a month.

Mr. Pulley worked continuously during his period of employment with the Division of Highways, and earned a total sum of $2,428.00 in the year preceding his injury. Mr. Pulley had five children under 18 years of age dependent upon him for support at the time of his accident. The Division has paid no compensation for temporary disability.

On January 30, 1951, Mr. Pulley worked at his regular maintenance duties. At approximately 4:00 P.M. on that date, snow began to fall in the area of his maintenance section. Mr. Pulley and a fellow employee, Mr. Jeff Cagle, attached a blade snow plow to the truck assigned to Mr. Pulley, and began to plow snow from a section of the highway assigned to him for maintenance. Mr. Pulley's assistant, Herman Pratt, was instructed by a superior to go home and get some rest, and relieve Mr. Pulley later during the evening. At approximately 10:25 P.M., Mr. Pratt and Mr. Pulley met at the Division of Highways' maintenance shed on the west side of S.B.I. Route No. 166 about four miles south of S.B.I. Route No. 13 in Williamson County. Mr. Pratt had stopped his car on the driveway leading to the maintenance shed. Mr. Pulley was plowing snow in a northerly direction on S.B.I. Route No. 166. As he came to Mr. Pratt's car, he drove the truck partially off the paved portion of the highway, and stopped parallel to the centerline of the highway. Mr. Pratt came from the west side of the highway, preparatory to taking charge of the truck. There were no

obstructions of any kind to traffic in the west lane. As the change of drivers was taking place, Mr. Pratt noticed headlights of a vehicle approaching from the north. The changing of position of the headlight beams suggested to Mr. Pratt that the south bound vehicle was not entirely under control. As a measure of safety, Mr. Pratt ran across the pavement to the west shoulder of the highway. Mr. Pulley elected to stand on the left running board of the Division truck. As the south bound vehicle, a truck loaded with coal, was about to pass the Division truck, it swerved or skidded into the left side of the Division vehicle, crushing Mr. Pulley between the vehicles.

Mr. Pulley suffered severe crushing injuries of his left arm, chest, and head. Immediately following the accident, a third truck, which was also approaching from the north, was flagged to a stop. Mr. Pulley was placed in the third truck, and taken to the Holden Hospital at Carbondale, where Dr. Ben Fox attended him. Death occurred at approximately 12:05 A.M., January 31, 1951, shortly after Mr. Pulley was brought to the hospital.

Dr. Ben Fox submitted the following report to the Division of Highways:

"Nature of injury—Crushing injury, left chest; partial avulsion, left hand. Treatment—Patient moribund on admission. X-Ray—None made. Date patient was discharged—Expired 1/31/51—12:05 A.M."

Decedent's compensation rate will, therefore, be $30.00 per week.

Claimants are entitled to an award of $8,500.00 under Section 7, Paragraphs (a) (h) (3) of the Workmen's Compensation Act.

An award is, therefore, made to claimant, Sylvia Pulley, as widow of Guy Pulley, and as mother and

next friend of Marvin Pulley, a minor, Yvonne Pulley, a minor, Robert Pulley, a minor, Margaret Pulley, a minor, and Wesley Carrol Pulley, a minor, in the sum of $8,500.00, payable as follows:

$1,221.43, which has accrued, is payable forthwith;

$7,278.57, payable in weekly installments of $30.00, commencing on November 20, 1951 and continuing for 242 weeks, with a final payment of $18.57.

All future payments being subject to the provisions of the Workmen's Compensation Act, jurisdiction is hereby reserved in this cause for the entry of such further order or orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".

## SUPPLEMENTAL OPINION

DELANEY, J.

On November 13, 1951, an award was entered by this Court in favor of claimants in the sum of $8,500.00, under Section 7, Paragraphs (a) (h) (3) of the Workmen's Compensation Act.

Subsequent thereto, respondent filed a petition to modify said award by reason of an action in the Circuit Court of Williamson County, Illinois, No. 22-51, entitled Edgar L. Pulley, Administrator of the Estate of Guy Pulley, Deceased, Plaintiff vs. George W. Phillips, Defendant, wherein a judgment was entered in favor of Edgar L. Pulley, as Administrator of the Estate of Guy Pulley, Deceased. Said judgment was satisfied in full on June 29, 1951, and a copy of the release has been filed in this cause. Sylvia Pulley, the widow, received the sum of $1,985.33 as a result of the settle-

ment, and five of deceased's children under 16 years of age, namely, Marvin Pulley, Yvonne Pulley, Robert Pulley, Margaret Pulley and Wesley Carroll Pulley, received the sum of $305.43 each as a result of the settlement, or a total settlement of $3,512.48.

The proceedings in the Williamson County Circuit Court for the injuries resulting in the death of decedent, Guy Pulley, arose out of the same accident for which the action was brought in this Court.

From the award granted herein on November 13, 1951 must be deducted the sum of $3,512.48. The total award granted claimants, Sylvia Pulley, Marvin Pulley, Yvonne Pulley, Robert Pulley, Margaret Pulley and Wesley Carroll Pulley, is, therefore, $4,987.52.

The settlement received from the death claim in the Williamson County Circuit Court equals approximately 117 2/5 weeks. 117 2/5 weeks from the day after the accident in January of 1951 is April 26, 1953. Considering Leap Year, no further compensation payments can be made claimants until April 26, 1953.

An award is, therefore, entered in favor of claimants, Sylvia Pulley, Marvin Pulley, Yvonne Pulley, Robert Pulley, Margaret Pulley and Wesley Carroll Pulley, payable as follows:

$4,987.52, payable in weekly installments of $30.00 per week for 166 weeks commencing May 3, 1953, with one final payment of $7.52.

The future payments hereinabove set forth being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction in this cause is hereby retained for the purpose of making further orders that may from time to time be necessary.

The award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".